## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-20321-CR-UNGARO

UNITED STATES OF AMERICA

v.

MANUEL CHAVEZ,

                        **Defendant.**

_____/

### PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida ("the United States") and **MANUEL CHAVEZ,** ("the defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count 1 of the indictment, which count charges the defendant with health care fraud, in violation of Title 18, United States Code, Section 1347.

2.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but

is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.   Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      As to Count 1 of the indictment, the defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to ten years, to be followed by a term of supervised release.   In addition to a term of imprisonment, the court may impose a fine of up to $250,000.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.      The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

6.      The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a.      Amount of Loss:  That under Section 2B1.1(b)(1)(I) of the Sentencing Guidelines, the actual loss or intended loss resulting from the defendant's conduct in the indictment is more than $1,000,000 and less than $2,500,000;

b.      Role in the Offense: That the defendant's role in this health care fraud scheme was neither aggravating nor mitigating, as contemplated by Section 3B1;

c.      Sophisticated Means:  That Section 2B1.1(b)(1) of the Sentencing Guidelines does not apply in that the offense did not involve sophisticated means; and

d.      Acceptance of Responsibility:  That under Section 3E1.1 of the Sentencing Guidelines, the Sentencing Guideline level applicable to defendant's offense should be reduced by 3 levels based on the defendant's recognition and affirmative and timely acceptance of personal responsibility.   However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete

disclosure to the probation office of the circumstances surrounding the   relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official, including the United States Probation Office.

8.      The defendant also agrees to forfeit to the United States, voluntarily and immediately, all of his right, title and interest to all property, and/or their substitutes, which is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7), and the procedures of 21 U.S.C. § 853, including, but not limited to, the following:

a personal money judgment in the amount of $2,065,549 in United States currency.

9.      The defendant agrees that the above-referenced property is property that constitutes or was derived, directly or indirectly, from gross proceeds traceable to the commission of the violations of 18 U.S.C. § 1349, alleged in Count 1 of the indictment, to which the defendant has agreed to plead guilty, and that it is therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7).

10.     The defendant knowingly and voluntarily agrees to waive any claim or defense she may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.   The defendant also agrees to waive any appeal for the forfeiture.

11.     The defendant further agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or any further notification of any judicial or administrative forfeiture

proceedings brought against the said property.

12.    The defendant understands and acknowledges that the Court must order restitution for the full amount of the victim(s)' losses pursuant to 18 U.S.C. §3663A.   Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing unless the Court orders otherwise.   This Office and the defendant stipulate and agree that the amount of restitution that the defendant shall pay to is $1,473,504, United States currency.

13.    The defendant agrees to make full and accurate disclosure of his/her financial affairs to this Office and the probation office.   Specifically, defendant agrees that, within thirty calendar days of the signing of this Plea Agreement, defendant shall submit a completed Financial Disclosure Statement (form provided by this Office), and shall fully disclose and identify all assets in which he/she has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.   Defendant agrees to provide, in a timely manner, all financial information requested by this Office and the probation office, and upon request, to meet in person to identify assets/monies which can be used to satisfy the restitution, forfeiture, and/or fine ordered or imposed. In addition, defendant expressly authorizes this Office to obtain a credit report on him/her.

14.    The defendant agrees that he/she will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until his/her restitution, forfeiture, and/or fine is paid in full without the prior approval of this Office.   Defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of indictment/information or when he/she became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

15.     The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward any restitution and/or forfeiture ordered, and/or fine imposed. Defendant further agrees to liquidate assets, or complete any other tasks, as requested by this Office, which will result in full payment of the restitution, forfeiture, and/or fine in the shortest possible time.

16.     The defendant agrees that providing false or incomplete information about his/her financial assets; hiding, selling, transferring or devaluing assets; and/or failing to cooperate fully in the investigation and identification of assets may be used by this Office as a basis for recommending a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1, and also may be used in making any recommendation regarding the sentence to be imposed by the Court.   In addition, this conduct may form the basis for separate charges against the defendant, including, but not limited to, charges under 18 U.S.C. § 1001.

17.     The defendant shall notify, within 30 days, the Clerk of Court and this Office of: a) any change of name, residence, or mailing address, and b) any material change in economic circumstances that affects the ability to pay restitution/fine.

18.     The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the

recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

19.     This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: _7/18/14_          By: _____
                             CHRISTOPHER J. CLARK
                             ASSISTANT U.S. ATTORNEY

Date: _7/18/14_          By: _____
                             MARC SEITLES, ESQ.
                             ATTORNEY FOR DEFENDANT

Date: _7/18/14_          By: _____
                             MANUEL CHAVEZ
                             DEFENDANT

7